NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRISTINA GUDELIA CAAL JALAL, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-175 <br><br> Agency No. A209-794-648 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2024[**]
Pasadena, California

Before: SCHROEDER, BUMATAY, and MENDOZA, Circuit Judges.
Concurrence by Judge BUMATAY.

Cristina Gudelia Caal Jalal, a native and citizen of Guatemala, seeks review

of the Board of Immigration Appeals' ("BIA") order affirming the Immigration

Judge's ("IJ") denial of asylum and withholding of removal. Caal Jalal also seeks

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review of the BIA's denial of her motion to remand. We have jurisdiction under 8 U.S.C. § 1252. Reviewing the denial of asylum and withholding of removal for substantial evidence, *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021), and reviewing the denial of the motion to remand for abuse of discretion, *Angov v. Lynch*, 788 F.3d 893, 897 (9th Cir. 2015), we deny the petition.[1]

1. Substantial evidence supports the BIA's decision to affirm the IJ's denial of asylum and withholding of removal. Caal Jalal failed to challenge several of the IJ's dispositive findings on appeal to the BIA, leaving those challenges unexhausted and not properly before us on review. *See* 8 U.S.C. § 1252(d)(1). For instance, Caal Jalal did not challenge the IJ's findings that her fear of future harm was not objectively reasonable and that relocation within Guatemala was reasonably feasible. The BIA thus did not err in deeming those arguments waived. Moreover, had Caal Jalal exhausted those challenges, substantial evidence would still support the BIA's affirmance because Caal Jalal failed to make required showings, including that her husband harmed her on account of her proffered particular social group. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(a); *see also Plancarte Sauceda v. Garland*, 23 F.4th 824, 832–33 (9th Cir. 2022) ("An applicant for asylum and withholding

---

[1] Although Caal Jalal asserted a claim for protection under the Convention Against Torture before the IJ, she did not meaningfully challenge the IJ's denial of that claim before the BIA. Thus, the claim is not properly before us on review. *See* 8 U.S.C. § 1252(d)(1).

bears the burden of establishing eligibility. . . . [Both forms of relief] depend on a finding that the applicant was harmed, or threatened with harm, on account of a protected ground.")

2. The BIA did not abuse its discretion in denying Caal Jalal's motion to remand. Caal Jalal failed to explain why she could not have obtained the psychological evaluation before presenting her claims before the IJ. *See Goel v. Gonzales*, 490 F.3d 735, 738–39 (9th Cir. 2007). And in any event, her psychological evaluation would not change the outcome of her appeal given her failure to exhaust her claims.

**PETITION DENIED.**

*Caal Jalal v. Garland*, No. 23-175
BUMATAY, Circuit Judge, concurring:

I concur with the judgment of the court. In denying Cristina Gudelia Caal Jalal's asylum and withholding of removal claims, the Board of Immigration Appeals expressly found that she waived the arguments she now makes before our court. While the exhaustion requirement is no longer jurisdictional, it is still "mandatory." *Umana-Escobar v. Garland,* 69 F.4th 544, 550 (9th Cir. 2023) (simplified). I thus would not reach the other grounds to deny her asylum and withholding of removal claims.